IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-41534 |
| | ) | |
| RICHARD E. CARLSON, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | Filing No. 404, 410 |

## ORDER

  Hearing was held in Lincoln, Nebraska, on October 5, 2005, regarding Filing No. 404, Motion for Relief from Stay, filed by the Estate of Edna N. Carlson and the Estate of Elmo A. Carlson, and Filing No. 410, Objection, filed by the Chapter 7 Trustee.  Richard Garden, Jr., appeared for the Estates of Edna Carlson and Elmo Carlson, Philip Kelly appeared as the Chapter 7 Trustee, and Julie Trent appeared for Bank of the West & Deuel County State Bank.

  The co-personal representatives of the estate of Edna Carlson and the co-personal representatives of the estate of Elmo Carlson filed a motion for relief from the automatic stay in this Chapter 7 case.  The co-personal representatives in each case desire to proceed in probate court which is supervising the two probate estates in an attempt to offset against Richard E. Carlson's rights of inheritance any and all claims that the co-personal representatives of the Edna Carlson probate estate have against Richard Carlson.  The Chapter 7 trustee of the Richard Carlson bankruptcy estate has resisted on the grounds that right of inheritance held by Richard Carlson became property of the bankruptcy estate upon the filing of the bankruptcy petition.  Therefore, according to the trustee, any litigation concerning the right of offset or any other claims against Richard Carlson should be litigated in the bankruptcy case.

  With regard to that portion of the motion for relief from the automatic stay that deals with a request of the co-personal representatives of the probate estate of Elmo Carlson, such motion is denied.  There is no evidence in this record that the co-personal representatives of the Elmo Carlson estate have any claim against Richard Carlson or his bankruptcy estate.  If they do, they can file such claim in the bankruptcy case and litigate the matter in the bankruptcy court.

  With regard to the portion of the motion for relief from the automatic stay concerning the estate of Edna Carlson, relief should be and is hereby granted.  Although the co-personal representatives of the probate estate of Edna Carlson have filed claims in the bankruptcy case, prior to any distribution of an inheritance from the probate estate to the debtor or the debtor's bankruptcy estate, state law issues regarding the right of setoff and statute of limitation issues concerning promissory notes held by the co-personal representatives should be dealt with by the probate court, if such court desires to retain jurisdiction of those issues.  The matters can legitimately be litigated in the bankruptcy court, but the probate court should be the court to initially consider the state law issues.

  Therefore, it is the order of this court that the motion for relief from the automatic stay filed by the co-personal representatives of the probate estate of Elmo Carlson is denied.  That portion of the motion for relief from the automatic stay filed by the co-personal representatives of the estate of Edna Carlson is granted.

  SO ORDERED.

DATED this 13th day of October, 2005.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
*Richard Garden, Jr.
Philip Kelly
Julie Trent
U.S. Trustee

*Movant (*) is responsible for giving notice of this journal entry to all other parties not listed above if required by rule or statute.