IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-41534 |
| | ) | |
| RICHARD E. CARLSON, | ) | |
| | ) | CH. 7 |
| Debtor(s). | ) | |
| | ) | Filing No. 452, 458 |

ORDER

Hearing was held in Lincoln, Nebraska, on March 8, 2006, regarding Filing No. 452, Application for Approval of Settlement Agreement, filed by Philip Kelly, trustee; Filing No. 458, Resistance, filed by the debtor; and Filing No. 471, Response to Debtor's Objection, filed by the trustee. Philip Kelly appeared as Chapter 7 trustee, Richard Garden, Jr., appeared for the Estates of Edna N. Carlson and Elmo A. Carlson, and Duncan Barber appeared for Deuel County Interstate Banc Company and Deuel County State Bank. Richard E. Carlson did not appear.

The trustee has filed an application for approval of a settlement agreement between the bankruptcy estate and the personal representatives of the Elmo Carlson and Edna Carlson probate estates. All parties in interest received notice and the debtor, Richard Carlson, objects. Hearing was held and evidence submitted in support of the settlement. Mr. Carlson was unavailable because of his incarceration and because of certain difficulties the court had in reaching him telephonically. Following the hearing, Mr. Carlson was provided a transcript of the hearing and given an opportunity to file a response to matters raised at the hearing. He has provided such response and has provided affidavit evidence in support of his position that the settlement is inappropriate.

Approval of a settlement "is committed to the sound discretion of the trial judge." Grunin v. Int'l House of Pancakes, 513 F.2d 114, 123 (8th Cir.), cert. denied, 423 U. S. 864 (1975) (quoting Ace Heating & Plumbing Co. v. Crane Co., 453 F.2d 30, 34 (3rd Cir. 1971)). In exercising its discretion, the court must consider all factors bearing on the fairness of the settlement, including: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. Drexel Burnham Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.), 730 F.2d 1128, 1135 (8th Cir. 1984). Upon the trustee's motion, the proposed compromise should be approved unless it falls "below the lowest point in the range of reasonableness." Yates v. Forker (In re Patriot Co.), 303 B.R. 811, 815 (B.A.P. 8th Cir. 2004) (citing Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

The debtor was a lawyer and a banker and a co-personal representative of his mother's probate estate. In addition, during Edna Carlson's life, the debtor farmed Ms. Carlson's land, on a crop share oral rental agreement. He took out loans in her name and borrowed money from her. He is also an heir and beneficiary of his father's estate. That estate was opened in 1982 and has not yet been closed. He asserts that he was neither the lawyer nor the personal representative in that case and so any problems with closing that matter were not caused by him and do not give rise to any claim against him or his bankruptcy estate.

After the debtor's sister, one of the co-personal representatives of their mother's estate, discovered problems with the administration of that estate, the debtor was removed as a co-personal representative. His brother and sister are now co-personal representatives in both probate estates. There is pending and promised litigation between the bankruptcy estate and the probate estates, both in the state courts and in this bankruptcy court. The trustee and the co-personal representatives have engaged in significant discovery and have concluded that settlement of the issues between and amongst them is better for both the bankruptcy estate and the probate estates than continuing litigation and the expenses involved in it.

Although the debtor has filed an objection to the settlement and has been allowed to present evidence concerning it, there is a serious question with regard to whether he has standing. On their face, the claims against the estate appear to far exceed the assets available for distribution. If that is an accurate assessment of the situation, the debtor has no financial interest in this matter and should not be allowed to interfere with it. However, since the claims have not been finally determined, it will be assumed for the purposes of this motion, that Mr. Carlson does have a financial interest and, therefore, does have standing.

I have reviewed the settlement stipulation and all of the written materials submitted by the trustee, the co-personal representatives, and Richard Carlson. The trustee asserts that he has been diligent in his discovery efforts and has made a determination that the continuing litigation will simply drain the estate of assets, with a serious issue concerning the ability of the trustee to successfully defend against setoff rights claimed by the co-personal representatives. The settlement will allow the bankruptcy estate to receive over $200,000 in proceeds of the sale of real estate and obtain a waiver of any claims of the co-personal representatives concerning that real estate and its proceeds. Although I have considered the written materials submitted by Mr. Carlson and his disagreement with most of the factual assertions made by the trustee, I accept the position of the trustee that there are serious questions about the probability of success in the litigation and the expense involved in pursuing it. No creditors have objected, and that fact is significant.

I find that the settlement is in the best interest of the estate and is fair and equitable to all parties involved. The settlement is approved.

SO ORDERED.

DATED this 11th day of April 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
   *Philip M. Kelly
   Richard Garden, Jr.
   Duncan Barber
   Richard E. Carlson
   U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.