IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-41534 |
| | ) | |
| RICHARD E. CARLSON, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |

<u>ORDER</u>

Hearing was held in Lincoln, Nebraska, on October 25, 2006, regarding Filing No. 539, Motion to Approve Stipulation for Settlement of Claims Per Settlement of Adversary Proceeding and of Claims Between and Among Leland V. Carlson and Philip M. Kelly, Trustee for the Estate of Richard E. Carlson, filed by Leland Carlson. Richard Carlson appeared pro se, Philip Kelly appeared as Chapter 7 Trustee, and Richard Beheler appeared for Leland Carlson.

This case was filed on April 29, 2004, as a Chapter 11 case. Prior to conversion of the Chapter 11 case to a Chapter 7 case, Richard Carlson filed an adversary proceeding (Case No. A04-4067) in an attempt to avoid a preferential transfer of certain real property to his brother Leland Carlson. The complaint alleged that as of August 23, 2003, Richard Carlson and his wife were indebted to Leland Carlson in the amount of approximately $258,000. According to the complaint, the sums loaned by Leland Carlson to Richard and Susan Carlson were, for the most part, borrowed by Leland Carlson from a local bank and then loaned by Leland Carlson to Richard and Susan Carlson. According to the complaint, as of August 23, 2003, Richard and Susan Carlson were the owners of certain real property located in Deuel County, Nebraska, and a leasehold interest, including improvements, at Lake McConaughy, Keith County, Nebraska.

The complaint further asserts that on August 23, 2003, Leland suggested to Richard that Richard and Susan "sell" the properties to Leland for a total of $268,000, and that Leland would consider the transfer to be a payment of the debt owed by Richard and Susan Carlson to Leland. Leland would then satisfy the bank loan in satisfaction of the debt owed by Leland to that bank. Pursuant to the plan, according to the complaint, on or around September 2, 2003, Richard and Susan Carlson transferred the properties to Leland and Leland cancelled the debt obligation owed by Richard and Susan to Leland.

The complaint asserts that the transfer of the properties in repayment of debts constitutes a preferential transfer and should be set aside for the benefit of the estate.

Eventually, the Chapter 11 case was converted to Chapter 7 and Philip Kelly was named as trustee. Mr. Kelly then became substituted as the plaintiff in the preferential transfer adversary proceeding.

Discovery has been initiated by counsel for Richard Carlson during the pendency of the Chapter 11 case, and, since the conversion to Chapter 7, by counsel for the Chapter 7 trustee.

Defendant Leland Carlson filed an answer to the complaint in which he denies certain assertions of the complaint. The answer also contains affirmative defenses, including an assertion that original plaintiff Richard Carlson was solvent at the time of the transfer.

By agreement of the parties and approval of the court, the trustee filed an amended complaint at Filing No. 77. That amended complaint added a claim for relief for custom farming expenses of $28,768.69 owed by Leland Carlson to Richard Carlson. Leland Carlson's answer to the amended complaint (Fil. #83) includes a counterclaim in which Leland Carlson claims that, between January of 1997 and January of 2000, Leland Carlson loaned Richard Carlson and Susan Carlson $245,000 at 9% interest. Leland Carlson also claims that Richard Carlson executed a promissory note on August 27, 2003, in favor of Leland Carlson in the amount of $15,500. After all credits and offsets, the counterclaim asserts that Richard Carlson owes Leland Carlson, as of the petition date, $272,783.29. Leland Carlson asserts that any claim for custom farming services provided by Richard Carlson should be offset against the amount due Leland Carlson.

At Filing No. 84, trustee/plaintiff denies all of the allegations of the counterclaim.

Both parties filed motions for summary judgment. After notice and hearing, arguments and written briefs were considered by the court and both motions were denied. Now the trustee and Leland Carlson have entered into a stipulation to settle the adversary proceeding. According to the stipulation, Leland Carlson will pay the trustee $7,500 for any and all custom farming services provided by Richard and will have an allowed unsecured claim in the amount of $275,162.52. Leland will then release any other claim and the trustee will accept the release and the $7,500 as total satisfaction of any claim the estate has against Leland Carlson.

All parties in interest in the bankruptcy case have received notice of the proposed settlement. The only objector to the settlement is Richard Carlson. He complains that the trustee has not satisfactorily completed discovery which would have unearthed evidence strongly supporting the preferential transfer argument. In addition, he claims that accepting $7,500 for several years of custom farming services is not a fair trade and is not beneficial to the unsecured claimants. He attaches to his recently filed evidentiary material (Fil. #580) a number of documents which support his position that there was an avoidable preferential transfer, and that Leland Carlson knew of the avoidability of such a transfer and attempted to document the transaction so that it could not be challenged as fraud on Richard's creditors.

The trustee takes the position that he has done appropriate discovery, and has determined that, following the denial of his motion for summary judgement, his probability of success is questionable. At trial he will be required to rely on the deposition testimony of the debtor, who, since filing this adversary proceeding, has pled guilty to a felony under federal laws and who is now and will most likely be at the time of trial incarcerated. The trustee suggests that the continuing cost of litigation is a burden on the estate, especially when considered with the concerns about the probability of success.

Standards for Considering & Approving Compromises

A bankruptcy court has the right to approve settlements and may do so over objection as long as the settlement is in the best interest of the estate as a whole. <u>Drexel Burnham Lambert, Inc., v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)</u>, 730 F.2d 1128, 1138 (8th Cir. 1984); Fed. R. Bankr. P. 9019. A bankruptcy trustee may settle claims without the debtor's approval, and the bankruptcy court will approve the settlement unless it falls below the lowest point in the range of reasonableness. <u>New Concept Housing, Inc. v. Poindexter (In re New Concept Housing, Inc.)</u>, 951 F.2d 932, 938 (8th Cir. 1991). There is no "best compromise," only a range of reasonable compromises, and as long as the compromise before the court falls within that range,

it may be approved. PW Enter., Inc. v. Kaler (In re Racing Servs., Inc.), 332 B.R. 581, 586 (B.A.P. 8th Cir. 2005). In determining whether a settlement is fair, reasonable, and adequate, the court must consider all factors bearing on the fairness of the settlement, including the probability of success in the litigation; the difficulties, if any, to be encountered in collection; the complexity of the litigation involved and the expense, inconvenience, and delay associated with it; and the paramount interest of the creditors and a proper deference to their reasonable views. Flight Transp. Corp. Sec. Litig., 730 F.2d at 1135 (quoting Drexel v. Loomis, 35 F.2d 800, 806 (8th Cir. 1929)); ReGen Capital III, Inc. v. Official Comm. of Unsec. Creditors (In re Trism, Inc.), 282 B.R. 662, 667 (B.A.P. 8th Cir. 2002). The court does not need to resolve all factual disputes before approving a settlement. New Concept Housing, 951 F.2d at 939.

## Conclusion

The motion to approve the settlement of this adversary proceeding is denied. The order denying the motion for summary judgment filed by the trustee implied nothing with regard to the credibility of the debtor. His affidavit was not admitted because it appeared to contradict other testimony and other evidence. A fact question, not to be determined on a motion for summary judgment, exists as to the debt which was satisfied by the transfer and whether such debt, if any, was owed to Leland Carlson. For the most part, this should be a simple case. Either there was a debt to Leland Carlson satisfied by the transfer of real estate and leasehold improvements, or there was not. On the counterclaim, only the amount owed is in question, as far as the fact question is concerned. The legal issue is whether claims by Leland Carlson that the debtor owes him money as a result of advances from 1997 to January of 2000 are barred by the statute of limitations. The amount being paid to the estate is inconsequential, especially in light of the amount the trustee is conceding as an unsecured claim of Leland Carlson. The trustee has provided no information of the difficulty, if any, of collecting any judgment which could be entered against Leland Carlson, or any inconvenience or delay that supports settlement at this time. The case can be set for trial as soon as the parties file a pretrial statement and can be tried in a short period of time. The settlement is not in the best interest of the estate and is not approved.

IT IS ORDERED: The motion to approve stipulation for settlement of claims (Fil. #539) is denied. A preliminary pretrial statement is due January 17, 2007.

DATED this 21st day of December 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Richard Carlson
    Philip Kelly
    *Richard Beheler
    United States Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.