IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-41534 |
| | ) | |
| RICHARD E. CARLSON, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

This matter is before the court on Filing No. 767, Motion for Protective Order, filed by the trustee, and Filing No. 776, Resistance, filed by the debtor.

Debtor has filed a motion to remove the trustee, Filing No. 700. In support of that motion, he has also filed certain discovery requests directed to the trustee, Filing No. 763. The trustee has responded by filing a motion for protective order, Filing No. 767. The trustee requests that the court limit the discovery that the trustee is required to produce because, in the opinion of the trustee, the discovery requests are over broad, the debtor lacks standing, the requests inquire into matters that have been resolved by orders of the Court, the debtor can satisfy his inquiries by obtaining records from the Clerk of the Court, some of the requests are calculated to compel the trustee to go on a document hunting expedition without providing any benefit to the bankruptcy estate or to the debtor, and compliance with discovery will require the trustee to copy all of the records maintained in the trustee's office which consists of at least three file boxes of records concerning various matters that include matters that have been resolved and approved by order of the Court.

I have reviewed the request for admissions, interrogatories and document production requests contained in Filing No. 763. The requests for admissions are numbers 1 through 16 in the first portion of Filing No. 763. None of the requests appear to request copying or delivery of documents and all of the requests can be answered based upon the trustee's knowledge and experience with the case. Therefore, if the motion for protective order is directed at the requests for admission, it is denied.

With regard to the 25 interrogatories which are part of Filing No. 763, it appears that many of the interrogatories may be answered by reference to particular document filing numbers either in the bankruptcy case itself or in the adversary proceedings. Mr. Kelly is permitted to respond to the interrogatories by such reference, identifying for Mr. Carlson the filing number, the case number, the title of the document, and the party that filed it. Mr. Carlson may then review the documents in his possession and if there are any referred to by Mr. Kelly that Mr. Carlson does not have in his possession, he may make a request of the Court for such copy.

Otherwise, most of the requests contained in the interrogatories are directly relevant to the issue of the motion to remove the trustee and, even though they may be burdensome to the trustee and/or the estate, they should be answered. The exception to that conclusion is the matter regarding the estates of Mr. Carlson's parents. In Interrogatories 20, 21 and 22, Mr. Carlson has requested information about those estates, including assets of the estates and claims made by or against the estates concerning the bankruptcy case. Most of those matters have been resolved by appropriate motion, notice, resistance by Mr. Carlson on occasion, hearings held by the Court, and rulings made by the Court. There is still pending one or more claims which are related to or dependent upon the litigation with the bank. A status report is due October 31, 2007, on the

remaining matters. Those matters that have been approved by the Court after notice and hearing are not relevant to any issues raised by Mr. Carlson in the motion to remove the trustee. The trustee is therefore not required to answer those particular interrogatories and the status report to be filed soon satisfies any other inquiry regarding the remaining matters. A copy of the status report shall be provided to Mr. Carlson.

Included in Filing No. 763 are 18 requests for production of documents. The trustee may respond to such requests by identifying documents filed in the bankruptcy case or the adversary proceedings by filing number, description of the document and identification of the party filing the document. Mr. Carlson should have received copies of most of the items that he has requested in the document production request, but if he has not, he may identify those documents that he has not received and request the Clerk to provide them. Concerning other documents requested that have not been filed with the Court, the trustee is directed to respond. However, the exception to that direction is that the trustee is not required to provide copies of any malpractice insurance policy for the attorneys for the trustee as requested in Number 10. On the other hand, the trustee shall provide a copy of the bond or any special insurance coverage the trustee has with regard to potential trustee liability to the estate.

This is an unusual and a difficult bankruptcy case. It is the position of the trustee that Mr. Carlson, first, has no financial interest in the administration of the estate, and, second, the various motions, pleadings and discovery requests filed in this case by Mr. Carlson are simply harassment. On the other hand, it is Mr. Carlson's position that the trustee has ignored Mr. Carlson's suggestions with regard to discovery of assets and has failed to properly pursue assets held by the bank or properly handle claims of the bank and the estates of his parents. At this point in time I have no idea who is correct, and even though the trustee feels overburdened by the requests of Mr. Carlson, I believe he has a right to pursue his theories concerning the administration of the estate. Therefore, the trustee shall respond as described above.

IT IS ORDERED: The trustee's motion for protective order (Fil. #767) is granted in part and denied in part, as detailed above. The trustee's response shall be placed in the United States mail to Mr. Carlson no later than December 21, 2007. A document describing the discovery response shall be filed with the court by that date, with no copies attached.

DATED:      October 22, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
  *Richard E. Carlson
  Philip M. Kelly
  United States Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.