IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-41534 |
| | ) | |
| RICHARD E. CARLSON, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |

<u>ORDER</u>

Hearing was held in Lincoln, Nebraska, on August 29, 2007, regarding Filing No. 670, Application for Approval of Settlement, filed by Philip M. Kelly, Trustee, and Filing No. 679, Resistance, filed by the debtor. The debtor appeared pro se, Philip M. Kelly appeared as Chapter 7 trustee, and Steven Mulligan and Duncan Barber appeared for Deuel County Interstate Banc Co. and Deuel County State Bank.

The Chapter 7 trustee has filed an adversary proceeding, Case No. A06-4065, against Deuel County Interstate Banc Co., asserting that 275 shares of stock in DCIBC are owned by the bankruptcy estate and dividends paid on such stock are payable to the bankruptcy estate. The defendant has taken the position that it has a right of set-off of the dividends against the debt owed to it and to Deuel County State Bank, its subsidiary.

After discovery, the parties have entered into a settlement agreement subject only to the approval of this court. The settlement provides that the trustee, in consideration of the payment of $75,000 from the defendant DCIBC, will release all claims the estate has against the banks and withdraw his objection to any of the banks' claims against the estate.

The trustee opines that because of the large amount of the claims held by the two banks, even if he would be successful in the underlying litigation, the banks would be the beneficiaries of approximately 75% of whatever amount the trustee obtained.

Mr. Carlson has objected to the settlement and has asserted, in his resistance, Filing No. 679, his affidavit, Filing No. 688, and finally, his response to additional information being provided by the banks, Filing No. 795, that the underlying premise of the banks' claims, both in the initial amount of the claims and in the application of payments, is erroneous. He has also provided legal authority with regard to the right of the bank to set off the dividends, to set off the proceeds of the derivative suit, and to refuse to apply the payment of more than $900,000 from a surety bond to the judgment which constitutes most, if not all, of the banks' claims.

The application for approval of the settlement is granted.

A bankruptcy court has the right to approve settlements and may do so over objection as long as the settlement is in the best interest of the estate as a whole. <u>Drexel Burnham Lambert, Inc., v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)</u>, 730 F.2d 1128, 1138 (8th Cir. 1984); Fed. R. Bankr. P. 9019. Compromise is an art, not a science. <u>Nangle v. Surratt-States (In re Nangle)</u>, 288 B.R. 213, 220 (B.A.P. 8th Cir. 2003). There is no "best compromise," only a range of reasonable compromises, and as long as the compromise before the court falls within that range, it may be approved. <u>PW Enter., Inc. v. Kaler (In re Racing Servs., Inc.)</u>, 332 B.R. 581, 586 (B.A.P. 8th Cir. 2005). In determining whether a settlement is fair, reasonable, and adequate, the court must consider all factors bearing on the fairness of the settlement, including the probability of success in the litigation; the difficulties, if any, to be encountered in collection; the complexity of the

litigation involved and the expense, inconvenience, and delay associated with it; and the paramount interest of the creditors and a proper deference to their reasonable views. Flight Transp. Corp. Sec. Litig., 730 F.2d at 1135 (quoting Drexel v. Loomis, 35 F.2d 800, 806 (8th Cir. 1929)); ReGen Capital III, Inc. v. Official Comm. of Unsec. Creditors (In re Trism, Inc.), 282 B.R. 662, 667 (B.A.P. 8th Cir. 2002). When considering a contested motion, the court must determine the facts relevant to the legal inquiry, Trism, 282 B.R. at 667, but the court need not resolve all factual disputes before approving a settlement. New Concept Housing, Inc. v. Poindexter (In re New Concept Housing, Inc.), 951 F.2d 932, 939 (8th Cir. 1991).

Mr. Carlson has numerous theories as to why the settlement is inappropriate. However, Mr. Carlson is plaintiff in a pending adversary proceeding, A07-4047, which will determine the actual amount of the banks' claim against him. In that case, the issue of whether the application of approximately $900,000 from a surety bond should be used to reduce the bank's non-dischargeable claim against Mr. Carlson will be determined. In the meantime, Mr. Carlson has been receiving the benefit of dividends issued on the stock which he owned on the petition date and which are now property of the bankruptcy estate. The accountings that have been provided show that all of the dividends issued with regard to Mr. Carlson's stock have been applied, first to reduce and eventually to eliminate his debt to Bankers Bank of the West, which is secured by the most of the stock shares, and then to the non-dischargeable judgment consented to by Mr. Carlson.

A shareholder derivative suit brought against the Deuel County Interstate Banc Company and its individual directors was settled through an insurance award to all shareholders but Richard Carlson and his immediate family. The settlement in this adversary proceeding will give the trustee the equivalent of the amount which Mr. Carlson's shares would otherwise have been paid through the process of settlement of the derivative suit.

The trustee has made a business determination that settlement is in the best interest of the estate because it reduces attorney fees which would be incurred by the estate to try the adversary proceeding; the banks, under any circumstances, hold the largest claim and, even if the trustee is successful, will receive up to 75% of the distribution of the estate; and finally, the assets of the banks have been liquidated and so the shares are worth only the value of their dividends. The dividends are being applied to the benefit of Mr. Carlson. The trustee has also made a legal determination that the banks may have a valid claim to a set-off and the risk that the court would rule against the trustee on the ultimate issue in the case is significant. No creditors of the estate have objected to the proposed settlement.

Therefore, I find that the settlement amount is fair and reasonable and beneficial to the estate. Any issues Mr. Carlson has directly with the bank with regard to its claim against him shall be dealt with in the separate adversary proceeding, A07-4047, Richard Carlson v. Deuel County Interstate Banc Company, et al.

IT IS ORDERED: The Chapter 7 trustee's application for approval of settlement (Fil. #670) is approved.

DATED:       January 7, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Philip M. Kelly
    Richard E. Carlson
    Steve Mulligan
    Duncan Barber
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.