IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| RICHARD E. CARLSON, | ) | CASE NO. BK04-41534 |
| | ) | |
| Debtor(s). | ) | CH. 7 |

ORDER

      This matter is before the court on the debtor's motion to compel discovery and motion for leave to serve additional interrogatories (Fil. #824) and response by the Chapter 7 trustee (Fil. #835). The debtor represents himself, and Phil Kelly represents himself as the Chapter 7 trustee. The motion and objection were taken under advisement without hearing.

      This motion to compel discovery concerns the debtor's pending motion to remove the Chapter 7 trustee (Fil. #700), in which he alleges numerous failures by the trustee to maximize the assets of the bankruptcy estate. The debtor characterizes this as "substandard and unprofessional performance" of the trustee's duties, which should establish cause for his removal. In connection with the motion, the debtor has been conducting discovery. The scope of discovery has been addressed previously in a ruling (Fil. #780) on the trustee's motion for protective order. Mr. Carlson has now moved for the court's assistance in forcing the trustee to provide more complete answers and for authorization to propound additional discovery requests.

      The specific discovery items for which Mr. Carlson believes he has received incomplete or insufficient information are as follows:

1. **Copy of legal research memo dated June 6, 2006.** The trustee indicated he had already provided the memo. Mr. Carlson says a legal research memo of another date was provided. If Mr. Kelly has access to the June 6, 2006, legal research memo, he should provide a copy of it to Mr. Carlson.

2. **Information regarding adversary proceeding number A06-4091.** The trustee responded that the case number was a typographical error and is not related to this bankruptcy case. Adversary proceeding number A04-4091 is the correct case number, and Mr. Carlson has access to information regarding that case. The trustee need not provide discovery concerning A06-4091.

3. **Twelve attachments to correspondence from the debtor or debtor's former counsel.** The letters were generated by or copied to Mr. Carlson, so he should have the attachments or know what they are. If Mr. Kelly no longer has possession of or can no longer identify the attachments, he need not produce them for the debtor.

4. **Information concerning the calculation of the amount of Deuel County Interstate Banc Company's claim.** This request was answered in the trustee's

        answer to Interrogatory No. 11 (Fil. #798). The trustee states that he has no additional information regarding the inquiry. He therefore need not answer further.

5. **Information regarding potential attorney malpractice claims.** The trustee provided a detailed answer to this in response to Interrogatory No. 12 (Fil. #798) in describing his exercise of his professional judgment. He need not answer further.

6. **Information regarding claims made by the Elmo A. Carlson probate estate**. The trustee indicates that all claims made by the Elmo Carlson estate have been withdrawn and any discovery in that regard is moot. Mr. Carlson believes the validity of those claims relates to the issue of whether the trustee's decision to release Elmo Carlson estate assets, which the debtor scheduled as property of the bankruptcy estate, constitutes incompetence or substandard performance. The court approved the trustee's release of the Elmo Carlson estate assets over objection by Richard Carlson. The claims of the Elmo Carlson estate have been withdrawn. There is no legitimate reason to require the trustee to spend more time on this matter.

7. **Copy of deposit #42 and copy of August 2006 bank statement.** The trustee says deposit #42 was voided and replaced by deposit #43, a copy of which was provided to the debtor. The trustee also states that he does not have the original August 2006 bank statement, but he obtained a copy from the bank and provided it to the debtor. The debtor indicates that he has not received a copy of either #42 or #43, and the reproduced bank statement is insufficient. The trustee should provide another copy of the front and back of deposit #43 to the debtor, but need not provide the August 2006 bank statement.

8. **Requests for production of documents propounded by the trustee to Leland Carlson.** The trustee takes the position that no answer is required in light of the court's order on the motion for protective order (Fil. #780). The debtor believes the trustee's failure to pursue discovery of Leland Carlson is another example of the trustee's substandard performance. The court approved the settlement of the litigation between the trustee and Leland Carlson with regard to claims and preferential transfers. The debtor did not object. His subsequent motion to reconsider the approval of the settlement was denied. There is no legitimate reason to require the trustee to spend more time on this matter.

       Mr. Carlson also requests permission to propound another 13 interrogatories to the trustee seeking information regarding assets and claims in the bankruptcy case. The trustee objects to such a request absent justification and necessity for the additional information. Mr. Carlson responds that he needs additional information regarding motor vehicles which the trustee has not accounted for, 2007 wheat production which has not been accounted for, and the deposition of Deuel County Interstate Banc Company president Ed Cordes taken by the trustee. The debtor indicates that this information is necessary for his prosecution of adversary proceeding number A07-4047-TJM, Richard E. Carlson v. Deuel County Interstate Banc Company and Deuel County State Bank, as well

as for final review of the claims in the bankruptcy case. The debtor's request is granted, but he may submit no more than 13 interrogatories, with no sub-parts.

IT IS ORDERED the debtor's motion to compel discovery and motion for leave to serve additional interrogatories (Fil. #824) is granted in part and denied in part as detailed above.

DATED:    April 17, 2008

BY THE COURT:

Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Richard E. Carlson
    Philip M. Kelly
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.