IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-41534-TJM |
| | ) | |
| RICHARD E. CARLSON, | ) | |
| | ) | CH. 7 |
| Debtor(s) | ) | |

<u>ORDER</u>

This matter is before the court on Filing No. 845, Interim Application for Fees & Expenses for Philip M. Kelly, Trustee's Attorney, filed by Philip M. Kelly; Filing No. 846, Interim Application for Fees & Expenses for Philip M. Kelly, Trustee, filed by Philip M. Kelly; Filing No. 851, Resistance, filed by debtor; Filing No. 852, Resistance, filed by debtor; Filing No. 857, Response, filed by Philip M. Kelly; and Filing No. 858, Response, filed by Philip M. Kelly.

Richard Carlson, the debtor in this case, has objected to the application for fees and expenses filed by Philip M. Kelly as trustee's attorney, Filing No. 845, and has objected to the application for fees and expenses for Philip M. Kelly as trustee, Filing No. 846.

Mr. Kelly has filed these applications at this time because he has withdrawn as trustee and attorney for trustee and a substitute trustee has been appointed.

In Filing No. 851, the resistance to the attorney fee application, Mr. Carlson suggests that the trustee overstates or misstates services and the status of the bankruptcy case; that the trustee has employed himself as attorney for the trustee; that numerous services billed as attorney for the trustee are services Mr. Kelly should have performed as trustee; that there is a motion to remove the trustee pending, which could result in disallowance or return of payments for services performed by Mr. Kelly as attorney; that time spent on responding to the motion to remove the trustee should not be compensated; that time spent on preparation of fee applications should not be compensated; that services provided by a secretary or legal assistant should not be compensated; that attorney fees have recently been authorized on February 7, 2008; that claims for postage and photocopy expense are not realistic.

The resistance to the fee application is denied. Mr. Carlson did not specify what misstatements or overstatements were made in the application. Therefore, it is difficult to determine what he is concerned about. However, this judge has been involved in every aspect of this case and is well aware of the activities of the trustee, many of which were caused by pleadings or motions filed by Mr. Carlson. After a full review of the application, it does not appear that there are misstatements of services.

The fact that the trustee has employed himself as attorney for trustee is irrelevant. In this district many of the trustees are authorized to employ their own law firm as attorney for the trustee. This appointment was approved by the court several years ago and is not a basis for objecting to attorney fees.

A trustee who is also an attorney employed by the trustee must keep good records of trustee activities and, separately, attorney activities. Mr. Kelly has done so, no creditors have objected, and the United States Trustee has not objected. That portion of the resistance filed by Mr. Carlson is not well taken.

The fact that there is a motion to remove the trustee pending is not relevant with regard to whether attorney fees should be allowed. For fee allowance purposes, the attorney is treated as a separate entity from the trustee, and even if the motion to remove the trustee is successful, assuming it is not moot as a result of the withdrawal of the trustee, the granting of such motion will likely have no effect on the right of the attorney to receive payment for services rendered.

Mr. Carlson is simply incorrect with regard to his assertions that the court should not compensate an attorney for preparation of the fee application or for services provided by a legal assistant. In this district, and in most districts, such time is compensated.

The fees incurred were necessary and beneficial to the estate. The hourly rate is reasonable and the total amount of the fees is reasonable.

The attorney fee application, Filing No. 845, is approved.

With regard to the objection to the application for fees and expenses for the trustee, Mr. Carlson asserts that the application does not provide any supporting documentation regarding assets and proceeds received and disbursements made; no accounting or itemization is made documenting whether or not disbursements were made to parties in interest; a healthy share of the disbursements listed represents payment to the attorney for the trustee which Mr. Carlson believes should not be included as disbursements to parties in interest; and the allowance should not be made at this time because of the motion to remove the trustee which is pending.

As indicated in the response filed by the trustee, Filing No. 858, the trustee has calculated the fees based upon the statutory provisions which do not exclude calculating the fee on disbursements which include payment to the trustee's attorney, even if the attorney and the trustee are one and the same person. In addition, as suggested in the trustee's response, Mr. Carlson has received all of the accounting and documentation for the administration of this estate, and, attached to Mr. Kelly's motion to withdraw, Filing No. 860, more documentation is attached. Finally, the fact that there is a motion to remove the trustee pending is not a basis for refusing to allow trustee fees at this time. If that part of the motion to remove the trustee which requests a finding that the trustee has acted improperly, thus damaging the estate, is approved, Mr. Kelly will be expected to reimburse the estate for the amount determined.

The application for fees and expenses filed by the trustee, Filing No. 846, is granted.

IT IS ORDERED that the Interim Application for Fees and Expenses for Philip M. Kelly, Trustee's Attorney, Filing No. 845, is granted; and the Interim application for Fees and Expenses for Philip M. Kelly, Trustee, Filing No. 846, is granted.

DATED:    July 28, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Richard E. Carlson
    *Philip M. Kelly
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.