IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| RICHARD E. CARLSON, | ) | CASE NO. BK04-41534-TJM |
| | ) | |
| Debtor(s). | ) | CHAPTER 7 |

## ORDER

Hearing was held on July 11, 2012, on the bankruptcy trustee's motion to approve employment of Husch Blackwell, LLP, as special counsel (Fil. No. 898) and objection by the debtor (Fil. No. 899). The debtor appeared on his own behalf. John D. Stalnaker appeared for the Chapter 7 trustee Thomas D. Stalnaker. Patrick Turner and Steve Grasz appeared for Husch Blackwell, LLC. Jerry Jensen appeared for the United States Trustee.

The debtor sued a number of defendants, including Deuel County Interstate Banc Company, Deuel County State Bank and the First National Bank of Sidney, in state court alleging conversion of some of his personal property in 2005. In that litigation, the Deuel County entities were represented by Husch Blackwell, LLP. The debtor reached a settlement with First National Bank in late 2010 or 2011 and dismissed the lawsuit without prejudice. The terms of the settlement were not made part of the record on this motion, but it appears that First National Bank has returned some artwork to the debtor and will pay approximately $30,000 to Susan Carlson. The bankruptcy trustee now wants to retain Husch Blackwell as special counsel to recover the artwork and the cash payment as property of the bankruptcy estate. The debtor has objected, arguing that Husch Blackwell is not disinterested and it failed to disclose its connections to the case through its representation of other creditors.

The Bankruptcy Code at 11 U.S.C. § 327(a) permits the trustee to employ an attorney who does not hold or represent an interest adverse to the estate, and who is a disinterested person, to represent the trustee in carrying out the trustee's duties. Section 327(c) does not disqualify an attorney simply because of his prior representation of a creditor unless there is an objection. In that case, the statutory provision requires disapproval of such employment if there is an actual conflict of interest.

An interest is adverse to the estate if it would tend to lessen the value of the estate or foster a predisposition against the estate. Blumenthal v. Myers (In re M & M Mktg., L.L.C.), 426 B.R. 796, 804 (B.A.P. 8th Cir. 2010). A potential conflict of interest may be enough to disqualify counsel, in the court's discretion. In re Premier Farms, L.C., 305 B.R. 717, 720 (Bankr. N.D. Iowa 2003) (holding that debtor's proposed law firm held an adverse interest because it also represented the debtor's major creditor in unrelated matters). The applicant bears the burden of establishing that his chosen professional is qualified for employment. Needler v. Rendlen (In re Big Mac Marine, Inc.), 326 B.R. 150, 154 (B.A.P. 8th Cir. 2005).

In this case, the only objection was by the debtor, not by a creditor or the United States Trustee as required by § 327(c). The debtor argues that Husch Blackwell's involvement on behalf of the Deuel County entities in previous litigation in the bankruptcy court creates a conflict of interest, in part because the Deuel County entities and their agents, employees, and other representative – which Mr. Carlson posits includes their lawyers – agreed as part of the settlement of the adversary proceeding to release Mr. Carlson from all claims, demands, and litigation.

However, the connection between the trustee's request and the bankruptcy litigation involving the debtor and the Deuel County entities is too tenuous to support finding a conflict of interest. Unlike the attorney in <u>M & M Marketing</u> who faced the very real possibility of divided loyalties because of potential fraudulent transfer claims by the debtor against his clients, there is no indication that Husch Blackwell's loyalties would be divided, or that either the trustee or the Deuel County entities would be served at the expense of the other, in the limited context of the firm's employment by the trustee to recover, for the benefit of all creditors, property transferred by another creditor that may be property of the bankruptcy estate.

IT IS ORDERED: The bankruptcy trustee's motion to approve employment of Husch Blackwell, LLP, as special counsel (Fil. No. 898) is granted.

DATED:       August 1, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *John D. Stalnaker
    Patrick Turner
    Steve Grasz
    Richard E. Carlson
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.